HONORABLE ROBERT H. WHALEY

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 2 5 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

KIRK SPANGLE and JEANINE SPANGLE, a marital community; and CLYDE BENJAMIN KELLY, and JANE DOE KELLY, a marital community,

        Plaintiffs,

        v.

FERGUSON ENTERPRISES, INC., a foreign corporation doing business in Washington

        Defendant.

No. 08-CV-00168 RHW

STIPULATED PROTECTIVE ORDER

    The Parties stipulate pursuant to Fed. R. Civ. P. 26(c), subject to approval and entry by the Court, as follows:

## I.    PURPOSES AND LIMITATIONS

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would otherwise be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket

STIPULATED PROTECTIVE ORDER - 1
USDC No. 08-CV-00168 RHW

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1  protections on all disclosures or responses to discovery and that the protection it

2  affords extends only to the limited information or items that are entitled under the

3  applicable legal principles to be treated as confidential.  The parties further

4  acknowledge, as set forth in Section 10, below, that this Stipulated Protective

5  Order creates no entitlement to file confidential information under seal; Local

6  Rules set forth the procedures that must be followed and reflect the standards that

7  will be applied when a party seeks permission from the Court to file material under

8  seal.

9  **II.    DEFINITIONS**

10      2.1    **PARTY**:  Any party to this action, including all of its officers,

11  directors, employees, consultants, retained experts, and counsel (and their support

12  staff).

13      2.2    **DISCLOSURE OR DISCOVERY MATERIAL**:  All items or

14  information, regardless of the medium or manner generated, stored, or maintained

15  (including, among other things, testimony, transcripts, or tangible things) that are

16  produced or generated in disclosures or responses to discovery in this matter.

17      2.3    **"CONFIDENTIAL" INFORMATION OR ITEMS**:    Information

18  (regardless of how generated, stored or maintained) or tangible things that qualify

19  for protection under Washington law, and under the standards developed under

20  Fed. R. Civ. P. 26(c).

21      2.4    **RECEIVING PARTY**:   A Party that receives Disclosure or

22  Discovery Material from a Producing Party.

23      2.5    **PRODUCING PARTY**:  A Party or non-party that produces

24  Disclosure or Discovery Material in this action.

25

26

STIPULATED PROTECTIVE ORDER - 2
USDC No. 08-CV-00168 RHW

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

2.6    **DESIGNATING PARTY**:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7    **PROTECTED MATERIAL**:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.8    **COUNSEL**:  Outside Counsel and House Counsel as well as their support staffs.

2.9    **EXPERT**:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10    **PROFESSIONAL VENDORS**:  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**III.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

STIPULATED PROTECTIVE ORDER - 3
USDC No. 08-CV-00168 RHW

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

**IV.    DURATION**

The confidentiality obligations imposed herein shall take effect upon the Court's entry of this document and shall not terminate upon the conclusion of this lawsuit, but shall remain in effect until a Designating Party agrees otherwise in writing or the Court order otherwise directs.  Provided, however, that the use of CONFIDENTIAL information at trial is not addressed in this Order.

**V.    DESIGNATING PROTECTED MATERIAL**

5.1    **EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION.**  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify,  so that other portions of the material, documents, items, or communications for which protection is not warranted, are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER - 4
USDC No. 08-CV-00168 RHW

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    5.2    **MANNER AND TIMING OF DESIGNATIONS.** Except as

2    otherwise provided in this Order, or as otherwise stipulated or ordered, material

3    that qualifies for protection under this Order must be clearly designated before the

4    material is disclosed or produced.

5            Designation in conformity with this Order requires:

6            5.2.1  For information in documentary form (apart from transcripts of

7    depositions or other pretrial proceedings), that the Producing Party affix the legend

8    CONFIDENTIAL on each page that contains protected material.  A Party or

9    non-party that makes original documents or materials available for inspection need

10   not designate them for protection until after the inspecting Party has indicated

11   which material it would like copied and produced.  During the inspection and

12   before the designation, all of the material made available for inspection shall be

13   deemed CONFIDENTIAL.  After the inspecting Party has identified the

14   documents it wants copied and produced, the Producing Party must determine

15   which documents, or portions thereof, qualify for protection under this Order, then,

16   before producing the specified documents, the Producing Party must affix the

17   appropriate legend ("CONFIDENTIAL") at the bottom of each page that contains

18   Protected Material.

19           5.2.2   For testimony given in deposition or in other pretrial

20   proceedings, that the Party or non-party offering or sponsoring the testimony

21   designate it as CONFIDENTIAL by indicating on the record that it is

22   CONFIDENTIAL and subject to the provisions of this Order.  Alternatively, the

23   Party or non-party need not designate specific testimony as CONFIDENTIAL

24   during the course of the deposition, but may do so within 21 days of receiving a

25   copy of the official transcript by notifying the court reporter of the portions of the

26   testimony deemed CONFIDENTIAL and informing opposing counsel of such

STIPULATED PROTECTIVE ORDER - 5
USDC No. 08-CV-00168 RHW

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1  designations.  Only those portions of the testimony that are appropriately

2  designated for protection within 21 days of receiving a copy of the official

3  transcript, shall be covered by the provisions of this Order.

4         5.2.3  <u>For information produced in some form other than</u>

5  <u>documentary, and for any other tangible items</u>, that the Producing Party affix in a

6  prominent place on the exterior of the container or containers in which the

7  information or item is stored, the legend "CONFIDENTIAL."

8        5.3  **INADVERTENT FAILURES TO DESIGNATE.**  If timely

9  corrected, an inadvertent failure to designate qualified information or items as

10 "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right

11 to secure protection under this Order for such material.  If material is appropriately

12 designated as "CONFIDENTIAL" or after the material was initially produced, the

13 Receiving Party, on timely notification of the designation, must make reasonable

14 efforts to assure that the material is treated in accordance with the provisions of

15 this Order.

16 **VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17       6.1  **TIMING OF CHALLENGES.**  Unless a prompt challenge to a

18 Designating Party's confidentiality designation is necessary to avoid foreseeable

19 substantial unfairness, unnecessary economic burdens, or a later significant

20 disruption or delay of the litigation, a Party does not waive its right to challenge a

21 confidentiality designation by electing not to mount a challenge promptly after the

22 original designation is disclosed.

23       6.2  **MEET AND CONFER.**  A Party that elects to initiate a challenge to

24 a Designating Party's confidentiality designation must do so in good faith and must

25 begin the process by conferring in person or by phone with counsel for the

26 Designating Party.  In conferring, the challenging Party must explain the basis for

STIPULATED PROTECTIVE ORDER - 6
USDC No. 08-CV-00168 RHW

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  its belief that the confidentiality designation was not proper and must give the

2  Designating Party an opportunity to review the designated material, to reconsider

3  the circumstances, and, if no change in designation is offered, to explain the basis

4  for the chosen designation.  A challenging Party may proceed to the next stage of

5  the challenge process only if it has first engaged in this meet and confer process.

6      6.3    **JUDICIAL INTERVENTION.**  A Party that elects to press a

7  challenge to a confidentiality designation after considering the justification offered

8  by the Designating Party may file and serve a motion for this purpose.

9      6.4    **STATUS PENDING RESOLUTION OF DISPUTE.**  Any disputed

10  document or information must be treated as protected under this Order until entry

11  of a court order ruling otherwise.

12  **VII.   ACCESS TO AND USE OF PROTECTED MATERIAL**

13      7.1    **BASIC PRINCIPLES.**  A Receiving Party may use Protected

14  Material that is disclosed or produced by another Party or by a non-party in

15  connection with this case only for prosecuting, defending, or attempting to settle

16  this litigation.  Such Protected Material may be disclosed only to the categories of

17  persons and under the conditions described in this Order.  When the litigation has

18  been terminated, a Receiving Party must comply with the provisions of section 11,

19  below (FINAL DISPOSITION).

20      Protected Material must be stored and maintained by a Receiving Party at a

21  location and in a secure manner that ensures that access is limited to the persons

22  authorized under this Order.

23      7.2    **DISCLOSURE OF CONFIDENTIAL INFORMATION OR**

24  **ITEMS.**  Unless otherwise ordered by the court or permitted in writing by the

25  Designating Party, a Receiving Party may disclose any information or item

26  designated CONFIDENTIAL only to:

STIPULATED PROTECTIVE ORDER - 7
USDC No. 08-CV-00168 RHW

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1    7.2.1  The Receiving Party's counsel in this action, as well as

2    employees of said counsel to whom it is reasonably necessary to disclose the

3    information for this litigation;

4    7.2.2  The officers, directors, and employees of the Receiving Party to

5    whom disclosure is reasonably necessary for this litigation.;

6    7.2.3  Experts (as defined in this Order) of the Receiving Party to

7    whom disclosure is reasonably necessary for this litigation and who have signed

8    the "Agreement to Be Bound by Protective Order" (Exhibit A);

9    7.2.4  The Court and its personnel;

10    7.2.5  Court reporters, their staffs, and professional vendors to whom

11    disclosure is reasonably necessary for this litigation and who have signed the

12    "Agreement to Be Bound by Protective Order" (Exhibit A);

13    7.2.6  During their depositions, witnesses in the action to whom

14    disclosure is reasonably necessary and who have signed the "Agreement to Be

15    Bound by Protective Order" (Exhibit A).

16    7.2.7  The author of the document, the employee to which the

17    document or data relates, or the original source of the information.

18    **VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED**

19    **PRODUCED IN OTHER LITIGATION**

20    If a Receiving Party is served with a subpoena or an order issued in other

21    litigation that would compel disclosure of any information or items designated in

22    this action as "CONFIDENTIAL," the Receiving Party must so notify the

23    Designating Party, in writing  immediately, and in no event more than three court

24    days after receiving the subpoena or order.  Such notification must include a copy

25    of the subpoena or court order.

26

STIPULATED PROTECTIVE ORDER - 8
USDC No. 08-CV-00168 RHW

Seattle-3568914.1 0063797-00007

1    The Receiving Party also must immediately inform in writing the Party who

2    caused the subpoena or order to issue in the other litigation that some or all the

3    material covered by the subpoena or order is the subject of this Order.  In addition,

4    the Receiving Party must deliver a copy of this Order promptly to the party in the

5    other action that caused the subpoena or order to issue.

6        The purpose of imposing these duties is to alert the interested parties to the

7    existence of this Order and to afford the Designating Party in this case an

8    opportunity to try to protect its confidentiality interests in the court from which the

9    subpoena or order issued.  The Designating Party shall bear the burdens and the

10   expenses of seeking protection in that court of its confidential material, and

11   nothing in these provisions should be construed as authorizing or encouraging a

12   Receiving Party in this action to disobey a lawful directive from another court.

13   **IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

14       If a Receiving Party learns that, by inadvertence or otherwise, it has

15   disclosed Protected Material to any person or in any circumstance not authorized

16   under this Order, the Receiving Party must immediately (a) notify in writing the

17   Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

18   all copies of the Protected Material, (c) inform the person or persons to whom

19   unauthorized disclosures were made of all the terms of this Order, and (d) request

20   such person or persons to execute the "Acknowledgment and Agreement to Be

21   Bound," that is attached hereto as Exhibit A.

22   **X.    FILING PROTECTED MATERIAL**

23       Without written permission from the Designating Party or a court order

24   secured after appropriate notice to all interested persons, a Receiving Party may

25   not file in the public record in this action any Protected Material.  A Party that

26   seeks to file under seal any Protected Material must comply with local rules.

STIPULATED PROTECTIVE ORDER - 9
USDC No. 08-CV-00168 RHW

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1   **XI.   FINAL DISPOSITION**

2       Unless otherwise ordered or agreed in writing by the Producing Party, within

3   sixty days after the final termination of this action, each Receiving Party must

4   return all Protected Material to the Producing Party.  As used in this subdivision,

5   "all Protected Material" includes all copies, abstracts, compilations, summaries or

6   any other form of reproducing or capturing any of the Protected Material.  With

7   permission in writing from the Designating Party, the Receiving Party may destroy

8   some or all of the Protected Material instead of returning it.  Whether the Protected

9   Material is returned or destroyed, the Receiving Party must submit a written

10   certification to the Producing Party (and, if not the same person or entity, to the

11   Designating Party) by the sixty day deadline that identifies (by category, where

12   appropriate) all the Protected Material that was returned or destroyed and that

13   affirms that the Receiving Party has not retained any copies, abstracts,

14   compilations, summaries or other forms of reproducing or capturing any of the

15   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

16   an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

17   correspondence or attorney work product, even if such materials contain Protected

18   Material.  Any such archival copies that contain or constitute Protected Material

19   remain subject to this Order as set forth in Section IV (DURATION), above.

20   **XII.   MISCELLANEOUS**

21

22       12.1   **RIGHT TO FURTHER RELIEF.**  Nothing in this Order abridges

23   the right of any person to seek its modification by the Court in the future.

24       12.2   **RIGHT TO ASSERT OTHER OBJECTIONS.**  By stipulating to

25   the entry of this Order, no Party waives any right it otherwise would have to object

26   to disclosing or producing any information or item on any ground not addressed in

STIPULATED PROTECTIVE ORDER - 10
USDC No. 08-CV-00168 RHW

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    this Order.  Similarly, no Party waives any right to object on any ground to use in

2    evidence, any of the material covered by this Protective Order.

3

4        12.3   **COURT MODIFICATION.**  This Court may modify the terms of

5    this Protective Order *sua sponte* upon notice to the parties and an opportunity to be

6    heard.

7

8        IT IS SO ORDERED this 25th day of November, 2009.

9

10

11        Honorable Robert H. Whaley
          United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 11
USDC No. 08-CV-00168 RHW

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1

## STIPULATION OF THE PARTIES

Dated:   November 16, 2009

2

3   STOEL RIVES LLP

4

By */s/ James M. Shore*

5   James M. Shore, WSBA No. 28095
jmshore@stoel.com

6   Elena C. Burt, WSBA No. 38836
ecburt@stoel.com

7   600 University Street, Suite 3600
Seattle, WA 98101

8   (206) 624-0900 Phone
(206) 386-7500 Fax

9   Attorney for Defendant Ferguson Enterprises, Inc.

10   EVANS, CRAVEN & LACKIE P.S.

11

By */s/ Terry Lackie per email authorization*

12   Heather C. Yakely, WSBA No. 28848

13   hyakely@ecl-law.com

Terry Lackie, WSBA No. 6693

14   hlackie@ecl-law.com

15   Norma J. Tillotson, WSBA No. 38752

ntillotson@ecl-law.com

16   818 W. Riverside, Suite 250

17   Spokane, WA 99201-0910

509-455-5200

18   509-455-3632 (facsimile)

19   Attorneys for Plaintiffs Spangle and Kelly

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 12
USDC No. 08-CV-00168 RHW

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective for the case of *Spangle v. Ferguson Enterprises, Inc.*, District Court Case No. 08-CV-00168 RHW.  I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington a for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Washington State agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

STIPULATED PROTECTIVE ORDER - 13
USDC No. 08-CV-00168 RHW

Seattle-3568914.1 0063797-00007

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*