UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KIRK SPANGLE, *et al.*,

    Plaintiffs,

    v.

FERGUSON ENTERPRISES, INC.,

    Defendant.

NO. CV-08-168-RHW

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Before the Court is the Defendant's Motion for Summary Judgment Against Plaintiff Kirk Spangle (Ct. Rec. 33). By previous Order, the Court determined that the motion was appropriate for disposition without oral argument, and struck the motion hearing (Ct. Rec. 78). For the reasons set forth below, the Court grants Defendant's motion with respect to Plaintiff's federal claims, and declines to exercise jurisdiction over Plaintiff's state law claims.

    This matter was originally filed in Spokane County Superior Court on April 24, 2008, and removed to this Court on May 27, 2008. The Complaint sets forth three federal claims: "Wrongful Termination in Violation of Federal Law," alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (Second Cause of Action, Ct. Rec. 2); "Unlawful Denial of COBRA Benefits," alleging violation of the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161 (Sixth Cause of Action, Ct. Rec. 2); and "Breach of Fiduciary Duty," alleging violation of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1101 (Ninth Cause of Action, Ct. Rec. 2). The Complaint also sets forth state law claims

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** \* 1

for unlawful withholding of wages, wrongful termination in violation of the Washington Law Against Discrimination (WLAD), wrongful termination in violation of public policy, benefits unlawfully withheld, outrage, and negligent infliction of emotional distress. The Notice of Removal first asserted jurisdiction because of the federal questions involved, then noted that the Court could exercise supplemental jurisdiction over the state law claims (Ct. Rec. 3). The Notice also asserted that the Court could exercise diversity jurisdiction over the state law claims because the parties are diverse and "the substantive allegations of the Complaint can be fairly read to indicate that the amount in controversy exceeds $75,000." (*Id.*). While this Motion for Summary Judgment was pending, the parties stipulated to dismissal of Plaintiff Kelly's claims in their entirety, and the Court granted the stipulation (Ct. Rec. 77).

The parties spend the bulk of their briefing arguing about Plaintiff's WLAD claim, and in fact Plaintiff entirely fails to respond to any of Defendant's arguments about Plaintiff's federal claims. Defendant argues that the Court should consider these claims abandoned due to Plaintiff's failure to respond. While the Court could construe the failure to respond as consent to entry of an adverse order under Local Rule 7.1(h)(5), the Court has independently considered the merits of the claims and rules on that basis.

## Standard of Review

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to (2) any material fact and that (3) the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "material fact" is

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** \* 2

determined by the substantive law regarding the legal elements of a claim. *Id.* at 248. If a fact will affect the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth, then it is material. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby,* 477 U.S. at 248.

The moving party has the burden of showing the absence of a genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). In accord with Rules of Civil Procedure 56(e), a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but... must set forth specific facts showing that there is a genuine issue for trial." *Id.* Summary judgment is appropriate only when the facts are fully developed and the issues clearly presented. *Anderson v. American Auto. Ass'n*, 454 F.2d 1240, 1242 (9th Cir. 1972). "Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## Analysis

Plaintiff's action in this Court relies on his federal claims of age discrimination under federal law (ADEA); violations of the COBRA; and breach of fiduciary duty (ERISA).

1. ADEA

The purpose of ADEA is to promote employment of older persons based on their ability rather than age while prohibiting arbitrary age discrimination in employment. 29 U.S.C. § 621. No civil action may be commenced by an individual under ADEA until sixty days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 3

Commission (EEOC), a jurisdictional prerequisite to adjudication in federal court. *See Dempsey v. Pacific Bell Co.*, 789 F.2d 1451, 1452 (9th Cir. 1986); 29 U.S.C. § 626(d)(1). Defendant's primary argument against Plaintiff's ADEA claim is that Plaintiff failed to satisfy this jurisdictional prerequisite.

The EEOC must be notified within 180 days from the alleged discrimination. 29 U.S.C. § 626(d)(1)(A). However, a strict jurisdictional bar could adversely affect plaintiffs by barring those who discover their jurisdictional error after the statutes of limitation for filing with the EEOC expire. *Dempsey*, 789 F. 2d at 1452. Thus, if a plaintiff's jurisdictional error was the result of excusable ignorance, the statutes of limitation could be equitably tolled. *Id*; *see Forester v. Chertoff*, 500 F. 3d 920, 928 (9th Cir. 2007).

Defendant argues that Plaintiff's ADEA claim must fail because Plaintiff never filed a complaint with the EEOC. (Ct. Rec. 35, Defendant's Memo in Support, p. 2). Defendant does not address the issue of equitable tolling. As noted above, Plaintiff wholly fails to respond to this argument.

Plaintiff admittedly did not file a charge with the EEOC prior to bringing this complaint (Ct. Rec. 37-1, Shore Decl., Exh. 1, p. 27). Under the doctrine of equitable tolling, failure to exhaust administrative remedies may not bar Plaintiff's ADEA claim; however, the case law is clear that Plaintiff had to at least notify the EEOC prior to commencing action in this Court. *See Forester*, 500 F.3d at 926; *Dempsey* 789 F. 2d at 1452; 29 U.S.C. § 626(d)(1). Moreover, Plaintiff does not even attempt a showing as to why his failure to satisfy the jurisdictional prerequisite may be excused by justifiable neglect. Therefore, the Court dismisses Plaintiff's ADEA claim.

2. COBRA

COBRA requires employers to notify the health care plan administrator upon an employee's termination. The group health care plan must then notify the employee of his rights to continuation of coverage within 14 days of termination.

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 4

29 U.S.C. § 1166(a)(1).

Defendant argues that to create a triable claim for denial of medical benefits under COBRA, the claimant must elect coverage in a timely manner, citing *Ballard v. Vulcan Materials Co.*, 978 F. Supp. 751, 759 (W.D. Tenn. 1997) ("When a plaintiff decides not to continue coverage under COBRA, the defendant cannot be held liable for a failure to provide plaintiff with timely notice of his right to continue coverage."); *see also Seymour v. Metropolitan Life Ins. Co.*, 990 F.2d 1260, *4 (9th Cir. 1993) (unpublished) (holding that an insured who declined continuation coverage upon leaving her employment was not entitled to benefits that she declined to purchase). To elect coverage in a timely manner, the employee must be notified of his rights. The statute is silent on the manner in which notice of COBRA eligibility must be communicated, and the Court finds little law on the subject in the Ninth Circuit. However, other courts have held that a good faith attempt to comply with a reasonable interpretation of sufficient notification is adequate. *See, e.g., Thomas v. Town of Hammonton*, 351 F.3d 108, 115 (3d Cir. 2003) ("We, along with other courts, have required employers to operate in 'good faith' compliance with a reasonable interpretation of the notification provisions of COBRA."); *Chestnut v. Montgomery*, 307 F.3d 698, 701-02 (8th Cir. 2002) (reasonable verbal notice is legally sufficient); *Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1383 (10th Cir. 1997) (reasonable, good faith attempts are sufficient); *see also Keegan v. Bloomingdale's, Inc.*, 992 F. Supp. 974, 978 (N.D. Ill. 1998) (notification methods that are reasonably calculated to reach the former employee satisfy a good faith requirement); *Jachim v. KUTV Inc.,* 783 F. Supp. 1328, 1333 (D. Utah 1992); *Conery v. Bath Associates*, 803 F. Supp. 1388, 1397 (N.D. Ind., 1992) (notice by mail addressed to the former employee's last known address is acceptable notification).

Here, Defendant argues that it is entitled to summary judgment on Plaintiff's COBRA claim because Plaintiff entirely failed to elect coverage, a fact Plaintiff

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 5

does not dispute. Defendant also points to the undisputed fact that its third-party administrator sent timely notice to Plaintiff's physical address. Plaintiff does not respond to Defendant's argument, but Defendant notes in its motion that Plaintiff claims he never received notice. However, the undisputed facts show the address on file was Plaintiff's physical address. Additionally, the address was identical to the address Plaintiff provided on his W-4 wage withholding form and 401(k) account statements. There is no argument here, and no evidence, that Defendant or its third-party administrator acted in bad faith, and sending a timely notice to Plaintiff's address on file seems entirely reasonable. Therefore, the Court grants Defendant's summary judgment on this COBRA claim.

3. Employee Retirement Income Security Act of 1974 (ERISA)

Under ERISA, the civil enforcement provision authorizes suits for breach of fiduciary duties. 29 U.S.C. § 1132(a)(1). To establish a prima facie case of breach of a fiduciary, the plaintiff-employee must show prohibited employer conduct that was taken for the purpose of interfering with attainment of any right to which the employee may become entitled.  29 U.S.C. § 1140.

However, according to the Ninth Circuit, "[a] fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA." *Amalgamated Clothing & Textile Workers Union v. Murdock,* 861 F.2d 1406, 1414 (9th Cir. 1988) (citing *Massachusetts Mutual Life Ins. Co. V. Russell*, 473 U.S. 134, 142 (1985)). 29 U.S.C. § 1109(a) (liability for breach of fiduciary duty under ERISA) authorizes relief only when a fiduciary has breached a duty to a *plan*, not an individual employee. "To find a breach of fiduciary duty based on a denial of individual benefits, a plaintiff must allege that the denial is part of a 'larger systematic breach of fiduciary obligations.'" *Russell*, 473 U.S. at 147.

The Complaint claims Defendant unlawfully interfered with Plaintiff's rights as a participant in medical and retirement programs and thus breached a fiduciary duty (Ct. Rec. 2, Complaint, Exh. A, p. 8). Defendant argues that Plaintiff has

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 6

failed to show a "larger systematic breach of fiduciary obligations," as required by the case law. Again, Plaintiff does not respond to this argument. The Court concludes that Defendant is correct. Plaintiff has not shown breach of fiduciary obligations to the plan as a whole, a statutory requirement recognized in the Ninth Circuit. The Complaint relies on interference with Plaintiff's rights; however, Plaintiff admittedly has not been denied any rights. According to the facts, a severance package was provided to Plaintiff, and he was or should have been aware of his option for continued benefits under COBRA. Additionally, Plaintiff never made a claim for benefits that were denied by Defendant (Ct. Rec. 37-1, Exh. 1, p. 28). No issue of material fact exists as to benefits provided Plaintiff upon his loss of employment, nor has a breach of fiduciary duty been shown. Summary judgment is therefore granted.

4. State Law Claims

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The remaining question is whether diversity jurisdiction exists. Defendant contends this Court has original jurisdiction over the state court claims on this basis (Ct. Rec. 3, p. 2). While complete diversity between the parties seems to exist, the amount in controversy is not clear from the face of the Complaint. No specific damage claim is made, nor any specific loss amounts stated anywhere in the Complaint. Rather, the Complaint simply describes the type of damages sought and the facts allegedly giving rise to those damages. In its Notice of Removal, Defendant attempts no showing of the amount in controversy, but simply asserts that a "fair reading" of the Complaint supports an inference that the amount exceeds $75,000. When the amount in controversy is unclear, a "strong presumption" remains that the claimed amount was not made so as to confer jurisdiction on a federal court. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 375 (9th Cir. 1997). Since the removal statute is strictly construed against removal jurisdiction, federal jurisdiction must be rejected if any doubt exists as to

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** \* 7

the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the amount of damages sought is unclear, then the defendant bears the burden of proving the jurisdictional amount. *Id.* The Court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence. *Id.*

Based on Defendant's showing, the Court finds that diversity jurisdiction does not exist. Because the amount is unclear, a strong presumption against removal jurisdiction remains, and Defendant bears the burden of rebutting that presumption. Simply stating that a "fair reading" of the Complaint satisfies the jurisdictional prerequisite is a wholly insufficient attempt to carry that burden. Therefore, the Court remands the state law claims to Spokane County Superior Court.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Summary Judgment Against Plaintiff Kirk Spangle (Ct. Rec. 33) is **GRANTED in part.**

2. The District Court Executive is directed to enter judgment against Plaintiff Spangle and in favor of Defendant on Plaintiff's Third, Sixth, and Ninth causes of action.

3. The Court remands Plaintiff's remaining state law causes of action to Spokane County Superior Court.

4. Defendant's Motion for Summary Judgment Against Plaintiff Clyde Benjamin Kelly (Ct. Rec. 38) is **DENIED as moot.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file.**

**DATED** this 3rd day of June, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2008\Spangle\GrantSJ.ord.wpd

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 8